PER CURIAM.
Keith Burke, the natural father of two minor children born to him and the late Selena Burke, appeals the trial court’s order awarding primary residential custody of the children to their maternal grandparents with whom the children had been residing during their father’s incarceration. We affirm, because appellant failed to challenge the trial court’s determination that placing the children with him would be detrimental to their welfare.
In seeking reversal, appellant raises as his only point on appeal that the court erred in applying the best interests of the children standard in a custody dispute between the natural parent and a grandparent. He argues that section 61.13(7), Florida Statutes (1995),[1] on which the lower court relied in part in reaching its result, applies only to the issue of standing, and not to custody determinations. He continues that this court’s decision in Murphy v. Markham-Crawford, 665 So.2d 1093 (Fla. 1st DCA 1995), states the proper standard: that the grandparents were required to prove by clear and convincing evidence that Burke was an unfit parent or that placing the children with him would be detrimental to their welfare. He contends that the court erred by lowering the standard from clear and convincing to preponderance of the evidence, and by shifting the burden of proof to the natural parent.
We need not, however, address this issue. Burke fails to argue the other reason primarily advanced in the trial court’s order for placing the children in their grandparents’ care, which was that by virtue of the fact that appellant had been convicted of the homicide manslaughter of the children’s natural mother, the rebuttable presumption of detriment to the children arose by operation of section 61.13(2)(b)(2), Florida Statutes (1995).[2] The court found that “the loss of motherly love caused by Keith Burke is a continuing detriment to these children,” and that Burke failed to rebut the presumption.
Because the court made the determination of detriment, the order below satisfied the evidentiary standard stated in Murphy, and Burke did not dispute this on appeal. Accordingly, the award of custody is
AFFIRMED.
ERVIN and. LAWRENCE, JJ., and SHIVERS, DOUGLASS B., Senior Judge, concur.

. Section 61.13(7) provides:
In any case where the child is actually residing with a grandparent in a stable relationship, whether the court has awarded custody to the grandparent or not, the court may recognize the grandparents as having the same standing as parents for evaluating what custody arrangements are' in the best interest of the child.

. Section 61.13 (2)(b)(2) provides in part:
The court shall consider evidence that a parent has been convicted of a felony of the second degree or higher involving domestic violence as defined in s. 741.28 and-chapter 775, as a rebuttable presumption of detriment to the child. If the presumption is not rebutted, shared parental responsibility, including visitation, residence of the child, and decisions made regarding the child, shall not be granted to the convicted parent.